J-S17011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACOB DANIEL THOMAS WALSH | |
| Appellant | No. 908 MDA 2020 |

Appeal from the PCRA Order Entered June 18, 2020
In the Court of Common Pleas of Lebanon County
Criminal Division at Nos: CP-38-CR-0001262-2015, CP-38-CR-0001546-2015, CP-38-CR-0001553-2015, CP-38-CR-0002120-2015

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY STABILE, J.:             **FILED SEPTEMBER 08, 2021**

Appellant, Jacob Daniel Thomas Walsh, appeals *pro se* from the June 18, 2020 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 954-46.  We affirm.

In 2015, the Commonwealth charged Appellant at the above-referenced docket numbers with multiple counts of possession of a controlled substance, possession with intent to deliver a controlled substance, delivery of a controlled substance, and related offenses.[1]  On February 17, 2016, Appellant and the Commonwealth entered a plea agreement whereby Appellant would serve 7 to 15 years of incarceration.  The trial court sentenced Appellant in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  35 P.S. §§ 780-113(a)(16), (30).

accord with the plea agreement the same day. Appellant did not file a direct appeal.

On February 15, 2017, Appellant filed a timely first PCRA petition complaining of the trial court's active role in plea negotiations. The PCRA court denied relief and Appellant did not appeal. On June 15, 2020, Appellant filed the instant *pro se* petition, purportedly for a writ of *habeas corpus*. Again, Appellant challenged the trial court's role in plea negotiations. The PCRA court treated the instant petition as one filed under the PCRA[2] and dismissed it as untimely. The PCRA requires that any petition thereunder be filed within one year of the date on which the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Because Appellant did not appeal from his February 17, 2016 sentence, that sentence became final thirty days later. The instant petition, filed in June of 2020, is facially untimely. Appellant did not attempt to plead or prove the applicability of any timeliness exception set forth in § 9545(b)(2).

We discern no error in the PCRA court's dismissal of the instant petition as an untimely PCRA petition. The PCRA court had no jurisdiction to entertain an untimely petition. *Commonwealth v. Davis*, 86 A.2d 883, 887 (Pa.

---

[2] Section 9542 of the PCRA provides that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S.A. § 9542.

Super. 2014).  Appellant did not attempt to plead or prove the applicability of any exception to the PCRA's jurisdictional time bar.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2021